IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GARY A. CORDERY,<br><br>             Plaintiff,<br><br>      vs.<br><br>HAWAII SUPREME COURT; MARK E. RECKTENWALD; ATTORNEY GENERAL FOR THE STATE OF HAWAII; HOLLY T. SHIKADA,<br><br>             Defendants. | CIV. NO. 22-00439 HG-KJM |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE (ECF No. 10)**[1]

On August 22, 2022, Plaintiff Gary A. Cordery filed an Election Complaint and a Request for Preliminary Injunction with the Supreme Court of the State of Hawaii.

On August 29, 2022, the Hawaii Supreme Court issued a Findings of Fact, Conclusions of Law, and Judgment, dismissing Plaintiff's Complaint and Request.  See Cordery v. State of Hawaii Office of Elections, No. SCEC-22-0000504, 2022 WL 3715875, at *2 (Haw. Aug. 29, 2022).

On September 1, 2022, Plaintiff filed a Motion for Reconsideration with the Hawaii Supreme Court, which was denied

---

[1] Plaintiff incorrectly refers to himself as "Petitioner" and Defendants as "Respondents" in his pleadings.  Plaintiff's use of the terms is incorrect as there is no petition before the District Court, only a civil action subject to the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 2 and 3.

1

on September 9, 2022.

On October 6, 2022, Plaintiff, proceeding pro se, filed a Complaint in this Court, alleging that the Hawaii Supreme Court, the Chief Justice of the Hawaii Supreme Court Mark E. Recktenwald, and the Attorney General for the State of Hawaii Holly Shikada violated his due process rights pursuant to the Fourteenth Amendment to the United States Constitution arising out of his state court lawsuit.

Defendants filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment, pursuant to the Rooker-Feldman doctrine, Eleventh Amendment immunity, and judicial immunity.

Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED**.

## PROCEDURAL HISTORY

On October 6, 2022, Plaintiff filed a Complaint.  (ECF No. 1).

On November 4, 2022, Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment.  (ECF No. 10).

On the same date, Defendants filed a Concise Statement of Facts.  (ECF No. 11).

On November 21, 2022, Plaintiff filed an Opposition.  (ECF No. 13).

The Court elects to decide the Motion without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

**STANDARD OF REVIEW**

Defendants move to dismiss Plaintiff's Complaint on two bases:

(1) lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); and,

(2) failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**SUBJECT-MATTER JURISDICTION**

Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject-matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

In a factual attack, the party challenging jurisdiction argues that the facts in the case, notwithstanding the allegations in the Complaint, divest the Court of subject-matter jurisdiction. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). No presumptive truthfulness attaches to the Complaint's allegations. Id. The party challenging jurisdiction presents "affidavits or other evidence properly brought before the court" indicating that subject matter jurisdiction is lacking. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir.

2003).

**FAILURE TO STATE A CLAIM**

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  AE ex rel. Hernandez v. Cnty of

4

Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

### I. Rooker-Feldman Doctrine

Pursuant to the Rooker-Feldman doctrine, federal courts are without subject-matter jurisdiction to review state court decisions, and state court litigants may only obtain federal review by filing a petition for a writ of certiorari with the United States Supreme Court. Mothershed v. Justs. of the Sup. Ct., 410 F.3d 602, 606 (9th Cir. 2005).

Federal District Courts are barred from exercising jurisdiction over direct appeals of state court decisions and any de facto equivalent of such an appeal. Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012). Courts pay close attention to the relief sought by the federal court plaintiff in determining whether an action is a de facto appeal. Id. at 777-78. A de facto appeal is found when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court. Id. at 778.

Federal District Courts lack jurisdiction to review challenges to state court decisions, even if the federal lawsuit alleges that the state court's action was unconstitutional, as those challenges may only be reviewed by the United States

Supreme Court.  Mothershed, 410 F.3d at 607.  As-applied constitutional claims are also barred because they constitute de facto appeals of state court decisions.  Scheer v. Kelly, 817 F.3d 1183, 1186 (9th Cir. 2016).

Here, Plaintiff requests that the United States District Court for the District of Hawaii rule that the Hawaii Supreme Court violated Plaintiff's due process rights in dismissing his Elections Complaint and Request for a Preliminary Injunction. See Complaint at pp. 2-4, ECF No. 1.  This Court lacks jurisdiction to review the Hawaii Supreme Court's decision. Mothershed, 410 F.3d at 607.  The Court is also precluded from reviewing Plaintiff's constitutional challenges to manner in which the Hawaii Supreme Court conducted its proceedings. Scheer, 817 F.3d at 1186.

**II.  Eleventh Amendment to the United States Constitution**

Even if Plaintiff's claims were not barred by the Rooker-Feldman doctrine, they would be subject to dismissal pursuant to the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment shields unconsenting states from suits in federal court.  K.W. v. Armstrong, 789 F.3d 962, 974 (9th Cir. 2015).  The Eleventh Amendment also bars suits against instrumentalities of the state for damages or other retrospective relief.  Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 865 (9th Cir. 2016).

6

The Eleventh Amendment bars Plaintiff's Complaint. The exception to the Eleventh Amendment provided in Ex Parte Young, 209 U.S. 123 (1908) does not apply in this case even though Plaintiff states he is seeking "declaratory relief." Plaintiff's Complaint seeks retrospective relief against the State relating to the dismissal of his Election Complaint and Request for Preliminary Injunction.

The Hawaii Supreme Court and the Hawaii Attorney General's Office are instrumentalities of the State of Hawaii. They have not consented to suit. The nature of the suit is not among those that Congress has permitted in light of the Eleventh Amendment. Plaintiff's claims against Defendants Hawaii Supreme Court and the Hawaii Attorney General's Office are barred by the Eleventh Amendment as instrumentalities of the State of Hawaii. Yamano v. Haw. Judiciary, 765 Fed. Appx. 198, 199 (9th Cir. 2019); Trotter v. Hawaii, Civ. No. 17-00016 SOM-KSC, 2018 WL 912255, at *6 (D. Haw. Feb. 15, 2018).

The Eleventh Amendment also bars suits against State officials acting in their official capacities, because such suits are claims against the state itself. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Here, Plaintiff's claims against state officials Chief Justice Recktenwald and Attorney General Shikada, in their official capacities, are barred because they constitute claims against the State of Hawaii itself. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106

(1984).

**III. Judicial Immunity**

Judicial immunity is a common law doctrine developed to protect judicial independence, and the doctrine bars suits against judges when the suit is predicated on actions taken in the judge's judicial capacity.  Moore v. Urquhart, 899 F.3d 1094, 1103 (9th Cir. 2018).

Plaintiff's claims against the members of the Hawaii Supreme Court and Chief Justice Recktenwald are brought against them in their official capacities.  Such claims are barred pursuant to the doctrine of judicial immunity, even as to declaratory relief. Craig v. Villicana, 676 Fed. Appx. 716, 716 (9th Cir. 2017).

**IV.  Amendment Would Be Futile**

The Court declines to give Plaintiff leave to amend as it is clear that any attempt to amend would be futile.  Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010); Kinney v. Cantil-Sakauye, 723 Fed. Appx. 562, 562 (9th Cir. 2018).

//
//
//
//
//
//

**CONCLUSION**

Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED**.

The Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **ORDERED** to enter Judgment in favor of Defendants and **CLOSE THE CASE**.

IT IS SO ORDERED.

DATED: November 25, 2022, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Gary A. Cordery v. Hawaii Supreme Court; Mark E. Recktenwald; Attorney General for the State of Hawaii; Holly T. Shikada, Civ. No. 22-00439 HG-KJM; **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE (ECF No. 10)**

9